IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD VIEUX, | : | |
| | : | |
| Petitioner, | : | CIVIL NO. 4:07-CV-0645 |
| | : | |
| v. | : | (Judge Jones) |
| | : | |
| WARDEN TROY WILLIAMSON, | : | (Magistrate Judge Blewitt) |
| | : | |
| Respondent. | : | |

**MEMORANDUM**

**June 20, 2007**

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

Pending before this Court is a Report (doc. 3), issued by Magistrate Judge Thomas M. Blewitt ("the Magistrate Judge" or "Magistrate Judge Blewitt") on April 16, 2007, which recommends that Petitioner Richard Vieux's ("Petitioner" or "Vieux") Petition for Writ of Habeas Corpus (doc. 1), filed on April 5, 2007, be dismissed for lack of jurisdiction. For the reasons to follow, we will adopt the learned Magistrate Judge's Report in its entirety and dismiss the Petition for lack of jurisdiction.

**PROCEDURAL HISTORY:**

On April 5, 2007, Petitioner filed the instant habeas action, pursuant to 28

U.S.C. § 2241, in the United States District Court for the Middle District of Pennsylvania, naming as Respondent Troy Williamson ("Respondent" or "Williamson").[1] On April 16, 2007, Magistrate Judge Blewitt issued a Report (doc. 3) recommending that Petitioner's Petition for Writ of Habeas Corpus (doc. 1) be dismissed for lack of jurisdiction without directing service of it on Respondent. On May 2, 2007, Petitioner filed Objections to Magistrate Judge Blewitt's Report, along with his supporting brief. (Rec. Doc. 4). Thus, this matter is ripe for disposition.

**STANDARD OF REVIEW:**

When objections are filed to a report of a magistrate judge, we make a de novo determination of those portions of the report or specified proposed findings or recommendations made by the magistrate judge to which there are objections. See United States v. Raddatz, 447 U.S. 667 (1980); see also 28 U.S.C. §636(b)(1); Local Rule 72.3l. Furthermore, district judges have wide discretion as to how they treat recommendations of a magistrate judge. See id. Indeed, in providing for a de novo review determination rather than a de novo hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound discretion,

---

[1] Petitioner correctly named Warden Troy Williamson as Respondent. See 28 U.S.C. §§ 2242 and 2243. As Petitioner is currently incarcerated within the Middle District of Pennsylvania, he also properly initiated this action in our Court. See Rumsfeld v. Padilla, 542 U.S. 426 (2004).

chooses to place on a magistrate judge's proposed findings and recommendations. See id., see also Mathews v. Weber, 423 U.S. 261, 275 (1976); Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984).

**FACTUAL BACKGROUND:**

In his Report and Recommendation ("Report"), Magistrate Judge Blewitt summarizes the relevant factual background of the instant action based on his reading of the parties' submissions. (Rec. Doc. 3). Although we agree with the Magistrate Judge's factual summary, taken in large part from Petitioner's Memorandum of Law in support of the Petition for Writ of Habeas Corpus (doc. 2), we review briefly the most pertinent portions thereof. [2]

As Petitioner notes, he was convicted on December 14, 1995, following a jury trial in the United States District Court for the Middle District of Florida, of the

---

2   We are cognizant that in Petitioner's Objections (doc. 4 at 4-5) to Magistrate Judge Blewitt's Report (doc. 3), Petitioner argues that the Magistrate's Report "deliberately misstated the factual ramifications," and that "[t]he deletion of the factual detailed background allows the Report to mislead this Court on a tangent of the spurious attempt to deny § 2241 review . . . ." Contrary to Petitioner's assertions, we find the Report's factual background to be a thorough and largely accurate summary of the legally relevant circumstances that led to the institution of the instant action. Where we have found minor inconsistencies between the Report and the record, our factual background reflects our findings. However, the majority of our factual summary is taken from Magistrate Judge's Report.

Moreover, to be clear, after reviewing Petitioner's forty-two (42) page Memorandum of Law in Support of his Petition for Writ of Habeas Corpus (doc. 2 ), we are confident that Magistrate Judge Blewitt did not deliberately misstate any information. (Rec. Doc. 3).

following offenses:

>conspiracy to commit carjacking, to use and carry a firearm during and in relation to a crime of violence, to obstruct commerce by robbery, to transport stolen goods in interstate commerce, and to possess with intent to distribute cocaine, (Count One);
>
>carjacking resulting in serious bodily injury, (Count Two);
>
>use of firearm during a crime of violence, (Count Three);
>
>possession of a firearm by a convicted felon, (Count Five, Ten and Twelve);
>
>carjacking resulting in death, (Count Six);
>
>obstruction of commerce by robbery, (Count Eight);
>
>use of a firearm during a crime of violence, (Count Nine); and
>
>possession with intent to distribute cocaine, (Count Eleven).

(Rec. Doc. 2 at 3).

Petitioner states these offenses were in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. §§ 1951(a), 2119, 922(g)(1), and 371. (Rec. Doc. 1 at 3). He also indicates that he was convicted of the above stated violations, and that at trial, the Government dismissed Count Eight (8). (Id. at 3). On March 8, 1996, Petitioner was sentenced on the stated offenses to life imprisonment plus forty-five (45) years. (Id.).

Petitioner appealed his conviction to the Court of Appeals for the Eleventh

Circuit, and on April 7, 1998, Petitioner's appeal was denied and his conviction was affirmed.  (Id. at 3).

On March 5, 1999, Petitioner filed his first motion with the sentencing court pursuant to 28 U.S.C. § 2255 ("§ 2255"), which raised various issues, but did not directly challenge, his carjacking convictions, at issue here.[3]  (Rec. Doc. 2 at 4).  On August 5, 1999, the court denied Petitioner's first § 2255 motion.  Petitioner then appealed the court's denial of his § 2255 motion, and it was construed as a motion for certificate of appealability ("COA").  Petitioner's COA was denied.  (Id. at 4).  Petitioner next filed a motion for rehearing with the appeals court, arguing that the District Court abused its discretion by not giving him the chance to amend his § 2255 motion, in which he would have challenged his carjacking convictions based upon Jones.  On May 23, 2000, Petitioner's motion for rehearing was denied.  Petitioner then filed a writ of certiorari with the United States Supreme Court, arguing that the District Court abused its discretion with respect to not giving Petitioner a chance to amend his § 2255 motion.  On February 20, 2001,

---

3   In Petitioner's Memorandum (doc. 2) supporting the Petition, as well as the Memorandum (doc. 4) in support of his Objections, Petitioner outlined extensively the grounds underlying his first § 2255 motion before the sentencing court.  As said history is not pertinent to our disposition of the instant action, we have omitted that history here.

Of note, however, is the fact that Petitioner seems to accurately claim that he discovered Jones v. United States, 526 U.S. 227, 232 (1999), rendered on March 24, 1999, as a potential basis for his current action after his filed his first § 2255 motion on March 5, 1999, and while it was pending before the sentencing District Court.  (Rec. Doc. 2 at 15).

Petitioner states that <u>certiorari</u> was denied. (<u>Id.</u> at 6).

Next, Petitioner attempted to file another § 2255 motion with the sentencing District Court, arguing that it was the first time he challenged his carjacking convictions because he had not been allowed to amend his first § 2255 motion. On February 18, 2002, the District Court denied Petitioner's motion as a second or successive petition without authorization from the Eleventh Circuit to file such. Petitioner filed a Notice of Appeal with an application for COA with the Eleventh Circuit, which was denied on December 19, 2002. (<u>Id.</u> at 7). On January 5, 2003, Petitioner filed a motion to reconsider with the Eleventh Circuit, which was denied on February 12, 2003. On May 5, 2003, Petitioner filed a <u>writ of</u> <u>certiorari</u> with the United States Supreme Court, which was denied. In April 2005, Petitioner attempted to file another <u>writ of certiorari</u> with the United States Supreme Court, but was advised that said <u>writ</u> could not be reviewed. (<u>Id.</u> at 8).

Thus, on September 7, 2005, Petitioner filed a Motion for Relief of Judgment pursuant to Fed. R. Civ. P. 60(b)(6), which was denied on January 6, 2006. (<u>Id.</u> at 8-9). On January 23, 2006, Petitioner filed a Rule 60(b) Motion to Alter or Amend Judgment, which was denied on December 1, 2006 by the District Court. On March 6, 2006, Petitioner filed a Notice of Appeal and application for COA with the Eleventh Circuit. On September 21, 2006, the Eleventh Circuit dismissed

Petitioner's appeal. (Id. at 9-10). Petitioner filed a Motion to Reconsider, which was denied on October 26, 2006. On November 18, 2006 Petitioner filed another writ of certiorari with the United States Supreme Court, and on January 8, 2007, certiorari was denied. (Id. at 11).

On April 4, 2007, Petitioner filed the instant Petition (doc. 1) with this Court. Petitioner's argument therein appears to be two-fold. First, Petitioner states that he has been convicted of, and sentenced for, crimes that he was not charged with, specifically, carjacking in violation of 18 U.S.C. §§ 2119(2) and 2119(3). Indeed, Petitioner claims that he was charged only with 18 U.S.C. § 2119(1), and that, in light of Jones, his convictions on, and sentence based upon, the other § 2119 provisions are unlawful. Second, Petitioner contends that he cannot challenge the legality of his sentence in a § 2255 motion because he has diligently tried to raise his claims via § 2255, but to no avail.

**DISCUSSION:**

Petitioner objects to the Magistrate Judge's recommendation that his Petition (doc. 1) be dismissed for lack of jurisdiction.[4] (Rec. Docs. 3-4). Petitioner further

---

4   In his Report, the Magistrate Judge notes that he gave preliminary consideration to the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1(b)). See Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979). Rule 4 provides in part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

objects to the Magistrate Judge's recommendation that Petitioner's recourse is a § 2255 Motion.  In our disposition of the instant Report, we are cognizant of both the Magistrate Judge's Report and Petitioner's Objections.

Upon our review of the Report (doc. 3), Petitioner's Objections (doc. 4) thereto, and the relevant law governing the instant action, we find Petitioner's Objections unavailing for several reasons.  First, cognizant that in March 1999, the Supreme Court construed 18 U.S.C. § 2119 "as establishing three separate offenses by the specification of distinct elements, each of which must be charged by indictment, proven beyond a reasonable doubt, and submitted to a jury for its verdict," Jones, 526 U.S. at 252, and even assuming arguendo that Jones somehow invalidates either Petitioner's convictions thereunder or his sentence therefor, § 2255 affords Petitioner the available avenue for relief.  Indeed, § 2255 provides in relevant part:

> An application for writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legal of his detention.

28 U.S.C. § 2255 (emphasis added).  Although we are cognizant that Petitioner has previously filed more than one motion pursuant to § 2255 and that they were denied,

Petitioner himself has acknowledged that they did not address the instant issue of his carjacking convictions. Thus, § 2255's general rule applies to prevent our entertaining of the instant habeas action. Indeed, it is well-established that § 2255 "has made the sentencing court the exclusive forum for challenge to the validity of a conviction and sentence in first instance." Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971) (per curiam) (quoting U.S. ex rel. Leguillou v. Davis, 212 F.2d 681, 683, 684 (3d Cir. 1954); Mucherino v. Blackwell, 340 F.2d 94, 95 (1965); Frazier v. Blackwell, 325 F.2d 154, 155 (1963); Sims v. Willingham, 300 F.2d 162 (1962), cert. denied (1962)).

    Second, although this is not Petitioner's first challenge to the validity of his conviction and sentence, any remedy § 2255 may afford remains available to Petitioner because he can request that the Eleventh Circuit certify a successive § 2255 motion,[5] and can raise the instant issue of his carjacking convictions in any

---

5    28 U.S.C. § 2255 provides, in pertinent part:
    A second or successive motion must be certified as provided in section 2244 [28 U.S.C. § 2244] by a panel of the appropriate court of appeals to contain–
    (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
    (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Thus, if the Eleventh Circuit were to agree with Petitioner's application of Jones to the instant case, it would be free to grant Petitioner the necessary certification for a successive § 2255 motion.

such motion. Further, "a motion pursuant to § 2255 can be inadequate or ineffective to test the legality of detention <u>only if it can be shown that some limitation of scope or procedure</u> would prevent a § 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention." <u>Galante</u>, 437 F.2d at 1165 (emphasis added) (internal citations omitted). As denials of Petitioner's previous § 2255 motions are insufficient to show that § 2255 remedy is inadequate or ineffective, Petitioner can make no such showing here. <u>Tripati v. Henman</u>, 843 F. 2d 1160, 1162 (9th Cir. 1987), <u>cert denied</u>, 488 U.S. 983 (1988); <u>Tracy v. Miner</u>, 2007 WL 257618, at *5 (M.D. Pa. 2007); <u>Litterio v. Parker</u>, 369 F.2d 395, 396 (3d Cir. 1966) (per curiam).

Finally, we are conscious that as to issues cognizable by the sentencing court under § 2255, a motion under § 2255 "supersedes habeas corpus and provides the exclusive remedy." <u>Tracy</u>, 2007 WL 257618, at *5 (M.D. Pa. 2007) (citing <u>Strollo v. Alldredge</u>, 409 U.S. 1046 (1972)). In fact, the Third Circuit has concluded essentially the same: "motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." <u>Okereke v. United States</u>, 307 F.3d 117, 120 (3d Cir. 2002), <u>cert. denied</u>, 537 U.S. 1038 (2002).

For all of the afore stated reasons, we will overrule Petitioner's Objections (doc. 4) to the Magistrate Judge's Report and adopt the Magistrate Judge's Report (doc. 3) recommending that the Petition (doc. 1) be dismissed for lack of jurisdiction, without directing service of it on Respondent.

An appropriate Order shall issue.